# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYLVESTER STANLEY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 07-CV-585-GKF-FHM |
| JUSTIN JONES, Director, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's amended 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 6). Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 12) to the amended petition, and provided the state court record necessary for resolution of Petitioner's claim (Dkt. ## 12, 13, 14). Despite being granted four (4) extensions of time, see Dkt. #s 19, 22, 24, and 26), Petitioner failed to file a reply. For the reasons discussed below, the Court finds the amended petition shall be denied.

As a preliminary matter, the Court finds that because the amended petition replaces and supersedes the original petition, the original petition shall be declared moot.

### *BACKGROUND*

During the early evening hours of June 5, 2003, Calvin Maurice Higgins, a member of the Red Mob faction of the Blood gang, was shot to death at Ute Park, located in Tulsa County. Higgins had been dating the former girlfriend of Petitioner Sylvester Stanley.

Petitioner was charged with First Degree Murder in Tulsa County District Court, Case No. CF-2003-2667, in connection with the shooting death of Higgins. On March 1-8, 2004, Petitioner was tried by a jury. During Petitioner's trial, the State presented four (4) eyewitnesses, Dwight

Davis, Deon Jackson, Chrystantha Austin, and Shayla Forman, who testified that they saw Petitioner Stanley fire the shots that killed Higgins. Petitioner testified in his own defense and denied being present at Ute Park at the time of the shooting. At the conclusion of trial, the jury found Petitioner guilty as charged. On April 23, 2004, Petitioner filed a motion for new trial. A hearing was held on the motion for new trial on August 11, 2004. On January 18, 2005, the trial judge denied the motion for new trial and sentenced Petitioner in accordance with the jury's recommendation to life imprisonment. Petitioner was represented at trial by attorneys David Phillips and Curt Allen. At the hearing on the motion for new trial, Petitioner was represented by attorney Paula Alfred.

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen J. Greubel, he raised one (1) proposition of error:

1. Appellant Stanley's due process rights were violated because his jury was exposed to, and the jury's verdict was influenced by, the improper outside influence of gang intimidation.

See Dkt. # 12, Ex. 1. In an unpublished summary opinion filed June 16, 2006, in Case No. F-2005-62 (Dkt. # 12, Ex. 3), the OCCA rejected the claim and affirmed the Judgment and Sentence of the trial court.

On June 19, 2007, Petitioner filed an application for post-conviction relief. By order filed August 22, 2007, the state district court denied relief. Petitioner appealed. On January 22, 2008, in Case No. PC-2007-889, the OCCA affirmed the denial of post-conviction relief.

On October 12, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his amended petition (Dkt. # 6), Petitioner raises the same single claim he raised on direct

2

appeal.[1] It is also the same single claim raised in the original petition. In response to the amended petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). See Dkt. # 12.

*ANALYSIS*

A. **Exhaustion/Evidentiary Hearing**

Before addressing the claim raised in the amended petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes that the exhaustion requirement is satisfied in this case. See Dkt. # 12. The Court agrees.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

B. **Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

---

[1] Petitioner has attached to his amended petition a copy of the OCCA's order affirming the denial his application for post-conviction relief. However, none of the claims raised in the application for post-conviction relief is raised in the amended petition for writ of habeas corpus. Petitioner raises only one (1) claim in the amended petition: that he was denied a fair trial and due process when gang members present as spectators intimidated the jury. See Dkt. # 6.

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claim on direct appeal. Therefore, Petitioner's claim shall be reviewed pursuant to § 2254(d).

As his only proposition of error, Petitioner contends that the presence of members of the Red Mob gang in the courtroom intimidated the jury and played a major role in the outcome of his trial. Petitioner presented evidence and argument supporting his claim at the hearing held on his motion for new trial. The OCCA rejected this claim on direct appeal, finding as follows:

> This case presents a close issue. The transcripts reveal nothing untoward, the attorneys made no objections, and the trial judge, who was closest to the proceedings, concluded a new trial was not warranted. Meanwhile, three jurors testified they felt frightened and somewhat intimidated. Jurors were placed in an unenviable position, but mainly through covert means. While gang attire has no place in a courtroom, to the extent that any of the attorneys were bothered by it, they never said so on record. The evidence of guilt was clear and the jury recommended the minimum sentence for the crime. The sentence does not reflect a decision based on emotion or outside influences, but one supported by the evidence. Considering the record before us, we cannot find that the trial judge's ruling was an abuse of discretion.

(Dkt. # 12, Ex. 3).

The record reflects that at the hearing on Petitioner's motion for new trial, four (4) jurors testified that gang members, dressed in red and sitting in the gallery, made the jurors feel intimidated

4

and uncomfortable during trial. See Dkt. # 14, Trans. dated Aug. 11, 2004, at 31, 45, 55-56, 59, 63-64, 65-66. However, as discussed above, Petitioner is not entitled to habeas corpus relief on this claim unless he demonstrates that the OCCA's adjudication on direct appeal was "contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). In an opinion entered December 11, 2006, the Supreme Court addressed a habeas petitioner's claim that he was prejudiced by spectators' courtroom conduct. See Carey v. Musladin, 549 U.S. 70 (2006). In that case, the petitioner claimed that his fair trial rights were violated because members of the murder victim's family wore buttons displaying the victim's image. The Supreme Court determined that although it had previously addressed state-sponsored courtroom practices, see Estelle v. Williams, 425 U.S. 501 (1976), and Holbrook v. Flynn, 475 U.S. 560 (1986), it had not previously provided guidance on the issue of the effect of spectator conduct on a defendant's right to a fair trial. Musladin, 549 U.S. at 76. As a result, the Court concluded that "[g]iven the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that the state court 'unreasonabl[y] appli[ied] clearly established Federal law.'" Id. at 77 (citing 28 U.S.C. § 2254(d)(1)).

In the instant case, the OCCA issued its direct appeal ruling on June 16, 2006, or approximately six (6) months before issuance of Musladin. As a result, at the time of Petitioner's direct appeal, there was no clearly established law as determined by the United States Supreme Court providing guidance on the issue of the prejudicial effect of spectators' conduct. Therefore, this Court cannot find that the OCCA's adjudication of this claim was "contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court

5

of the United States." 28 U.S.C. § 2254(d)(1).  Under the explicit terms of § 2254(d)(1), habeas relief is unauthorized.

The Court recognizes that on direct appeal, Petitioner relied on Norris v. Risley, 918 F.2d 828 (9th Cir. 1990) (finding that the wearing of "Women Against Rape" buttons during trial on charges of kidnapping and sexual intercourse without consent deprived defendant of fair trial), and State v. Franklin, 327 S.E.2d 449 (W.Va. 1985) (fair trial denied to defendant when several spectators wore MADD buttons at defendant's trial for driving under the influence resulting in death).  Significantly, however, both of those cases pre-dated the AEDPA.  Furthermore, in Musladin, 549 U.S. at 74, the Supreme Court distinguished Norris, finding that in both Norris and Musladin, the Ninth Circuit incorrectly concluded that the Supreme Court had previously established, in Williams and Flynn, a test for inherent prejudice applicable to spectators' courtroom conduct.  See United States v. Farmer, 583 F.3d 131, 149 (2d Cir. 2009) (discussing analysis in Musladin).  In Musladin, the Supreme Court stressed that "the effect on a defendant's fair-trial rights of the spectator conduct to which [defendant] objects is an open question in our jurisprudence." Musladin, 549 U.S. at 76. In this case, therefore, Petitioner's reliance on Norris and Franklin is misplaced.  Petitioner is not entitled to habeas corpus relief on his claim that his trial was fundamentally unfair and a denial of due process.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The original petition for writ of habeas corpus (Dkt. # 1) is **declared moot**.

2. The amended petition for writ of habeas corpus (Dkt. # 6) is **denied**.

**DATED** this 16th day of March, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma